**In re Ronnie C. TAYLOR, Deborah Cassell Taylor, Debtors.**

**Bankruptcy No. 585–00128–S07.**

United States Bankruptcy Court, W.D. Louisiana.

March 13, 1986.

---

Chatham H. Reed, Simon, Fitzgerald, Cooke, Reed & Welch, Shreveport, La., for Trustee.

James C. Arceneaux, III, Graham & Arceneaux, New Orleans, La., Alex F. Smith, Jr., Mayer, Smith & Roberts, Shreveport, La., for Sears, Roebuck & Co.

## MEMORANDUM DECISION

LeROY SMALLENBERGER, Bankruptcy Judge.

Sears, Roebuck & Company filed a Petition for Foreclosure Via Ordinaria in proceeding number 36305–B entitled Sears, Roebuck & Company vs Deborah Cassell, wife of/and Ronnie C. Taylor on the docket of the 11th District Court, Parish of Sabine. Judgment was rendered therein in favor of plaintiff on April 11, 1985 pursuant to an application for default judgment.

The judgment reorganized and maintained petitioner's special lien, privilege and mortgage recorded in Volume 140 Page 104 bearing Registry Number 258,103 of the Parish of Sabine, on the following described property:

Beginning at the Northwest Corner of Section 35, Township 10 North, Range 14 West, Sabine Parish, Louisiana, a one-half inch iron pipe found for a corner and point of beginning; thence South 330.00 feet to a one-half inch iron rod set for a corner; thence East 660.0 feet to a one-half inch iron rod set for a corner; thence North 330.00 feet to a one inch iron pipe found for a corner; thence West 660.0 feet to the point of beginning, containing 5.00 acres more or less, together with all buildings and improvements thereon.

Improvements thereon bear the address Rt. 1, Box, 242B, Converse, Louisiana.

It is admitted that because of the bankruptcy judgment, filed on January 22, 1985, the judgment on the above described property is invalid.

Sears admits that said Act of Mortgage is not in authentic form inasmuch as a notary and two witnesses are required and that only one witness signed said act.

Sears claims that, although not in authentic form, the security is an act under private signature. Sears claims its security instrument is still valid under Louisiana Law.

The mode of inscription of an act under private signature bearing a note is prescribed by LSA–C.C. Article 3367 which states:

"If it be an act under private signature bearing a mortgage, the creditor can only have it registered when it has been acknowledged by the mortgagor, or proved by the oath of one of the subscribing witnesses, unless the register be acquainted with the signature of the parties, and shall agree, on his own responsibility, to make the inscription, on the original act being presented to him."

The Trustee objected to the claim of Sears Roebuck & Company, as a secured creditor. At the hearing on the objection, the parties agreed that the matter would be submitted on the basis of the proof of claim and its attachments and the briefs of both sides.

 The Trustee argues that the mortgage is invalid as against the Trustee because it was not correctly perfected as a result of deficient execution. The certified copy of the mortgage attached to the proof of claim indicates that it was executed on October 9, 1981, in an unspecified parish in Louisiana. Although the final paragraph of the act declares that it was signed before two witnesses and the notary, only one witness signed. There is no acknowledgment by any witness or witnesses which follows the signature of the notary public.

The Trustee asserts that this is a fatal defect in light of the provisions found in La.C.C. Art. 3305:

A conventional mortgage can *only* be contracted by act passed in the presence of a notary public and two witnesses, or by act under private signature..... (emphasis added)

If the conventional mortgage act is not to be in authentic form, then it must be duly acknowledged, as the provisions of La.C.C. Art. 1836 provide:

An act under private signature may be acknowledged by a party to that act by recognizing the signature as his own before a court, or before a notary public, or other officer authorized to perform that function, *in the presence of two witnesses*. An act under private signature may be acknowledged also in any other manner authorized by law. (emphasis added)

After analyzing the Louisiana Civil Code and the jurisprudence, the Court believes that the Trustee is correct in his analysis concerning article 3367. Thus, the Court finds that the claim of Sears is unsecured in bankruptcy. The reasons for our holding follow.

 First, an examination of article 3367 and its legislative history indicate to the Court that the article concerns a mechanism for the registration of a mortgage not a determination of its validity. The article has no counterpart in the Code Napoleon. Rather, it was added as part of the project of 1825. The redactors provided no comment to the article. There is no indication that 3367 was to be an exception to articles 3305 and 1836—the articles that determine the validity of the conventional mortgage. This Court reads article 3367 as allowing the registry of an act under private signature if:

1) it has been acknowledged by the mortgagor or

2) it has been proved by the oath of one of the subscribing witnesses.

The above are the only alternatives *unless* 1) the register be acquainted with the signature of the parties *and* 2) shall agree, on his own responsibility, to make the inscription, on the original act being presented to him. Sears made no showing that the requirements of this exception were complied with. The Court interprets 3367 as allowing an unacknowledged private signature to be recorded if the register is personally familiar with the parties and can verify that the signature on the original document was actually made by the person in ques-

tion.[1] It is the register's familiarity with the parties and their signature and the invocation of his "responsibility" that allows this conventional mortgage to be registered even though it has not been acknowledged or proven by oath.

■ The rationale behind the rule concerning the validity of the mortgage (beside the proof considerations) is that two witnesses or an acknowledgment are indicative of sufficient ceremony to put a person on notice that mortgaging property is an important act that they must consider carefully before completing. The importance of these policies would be greatly diminished if we interpreted 3367 to allow the register upon his familiarity with the signatures (but not the circumstances of the execution of the mortgage) and his own responsibility to determine the validity of the conventional mortgage solely because he allowed it to be registered. That is in essence what Sears wishes the Court to do; we decline the invitation. This mortgage has never been acknowledged as required by article 1836 and hence can not be considered as equivalent to an authentic act or prima facie genuine.

Finally, the Court disagrees that the cases cited by Sears supports the argument that the mortgage is made valid against third parties by the filing under article 3367. In *Gallagher v Conner*, 138 La. 633 70 So. 539 (1915) the plaintiffs were the holders of mortgages that had fraudulently been cancelled from the mortgage records. The defendants, who were subsequent good faith mortgage holders, had relied on the fraudulently cleared public record in assuming that they had title to the property free and clear of any other liens. The Supreme Court of the State of Louisiana held that the fraudulently cancelled mortgages were still valid and enforceable against the defendants. As an alternative argument, the defendants also attacked the validity of the fraudulently cancelled mortgages. One of the notes, dated May 17, 1907 for $1500 was not passed in the pres-

ence of two witnesses. The Court held the note properly registered saying:

> This nonauthenticity can make no difference, since a mortgage may validly consented by an act under private signature (C.C. art. 3305), and may be validly recorded without previous acknowledgment of signature. Succession of Elliott, 31 LA.ANN. 37.

This Court interprets *Gallagher* as indicating that a mortgage may be valid either by an act under private signature, duly acknowledged or by an authentic act, and concerning the former, the acknowledgment does not have to occur before the recording of the instrument. The *Succession of Elliott*, 31 La.Ann. 37 (1879) cited in *Gallagher*, attempted to answer the question, "what is a sufficient registry of a private act of mortgage or privilege?" 31 La.Ann. at 33. The Court answered the question as follows:

> The lien and privilege of Newell on the proceeds of the crop of cotton, raised in 1879, to the extent of his recorded supply contract, $1500, is we think fully established and should have been allowed.

> The objection that the recorder did not register with the contract the proof of its execution is immaterial. It was a private act. The object of registry is notice, and that was fully effected by the registry in this case. Whatever may be the law as to registry of sales, the Code is explicit as to mortgages and privileges.

> Art. 3367 expressly provides that mortgages under private signature may be registered, without previous acknowledgment by party or proof of subscribing witnesses, where the recorder on his own responsibility and knowledge is willing to do so.

> It is unnecessary to discuss the question as to the effect of Newell's sequestration of the cotton prior to Elliott's death. We may remark, however, that sequestration gives no privilege. It issues on and secures privileges already

---

1. The Court also notes that article 3367 is in Chapter 2, Section 1 of Title 22 of the Civil Code entitled "of Inscription of Mortgages, of the Mode and Effect of Recording Mortgages."

existing. It is otherwise with attachments and seizures under fi. fa.

Thus, the *Elliott* court again emphasized the special nature of article 3367; the registration is valid for an act under private signature where the recorder on his own responsibility and knowledge is willing to do so. To repeat, there has been no showing that this case conforms with the requirements of the article 3367 and even if it did, the article is not designed to breathe life into an otherwise invalid mortgage.